**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**


**WARREN T. WADE**,

       Plaintiff,

**v.**

                                             **CIVIL ACTION NO. 2:12-CV-86
(BAILEY)**

**JAMES SPENCER**, Administrator,
**J. WINSLOW**, Correctional Officer, and
**M. COVEY**, Correctional Officer,

       Defendants.


## ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART
## REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on December 12, 2013 [Doc. 47]. In that filing, the magistrate judge recommended that this Court grant Defendant's Motion to Dismiss [Doc. 37], deny plaintiff's Motion for Default Judgment [Doc. 30], deny as moot plaintiff's Motion for Extension to Serve [Doc. 45], and dismiss plaintiff's Complaint [Doc. 1] with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is timely made. However, the Court is not required to review, under a *de novo* or any other

1

standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his objections [Doc. 49] on January 2, 2014. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. The remainder of the R&R will be reviewed for clear error.

## I.   Facts

At the time of the incident that forms the basis of his Complaint, Plaintiff Warren Wade was incarcerated in the Northern Regional Jail located in Moundsville, West Virginia. On August 11, 2012, plaintiff and inmate Alex James became involved in a disagreement over food trays in the dining hall. Plaintiff contends that defendant M. Covey, the correctional officer responsible for handing out food trays during mealtimes, "used improper procedure" in so doing; Covey allegedly sat the trays all together on a table "for everyone to fend for themselves," rather than handing the trays to inmates one by one. [Doc. 1 at 8]. James allegedly took a food tray plaintiff was holding from plaintiff's hands, "as it was a different size tray than the others left on the tables." [Doc. 1-1 at 1]. Plaintiff thereafter "showed" James a pencil and threatened to stab James with it. [Doc. 37-2].

2

Plaintiff claims that he reported the incident to defendant J. Winslow, a correctional officer assigned to plaintiff's housing block, and requested that Winslow "move [plaintiff] from the situation."  [Doc. 1 at 8].  According to plaintiff, Covey, Winslow, and defendant James Spencer, jail administrator, were aware that James had a history of violence, as James had previously beaten another inmate "serious[ly] enough to put him in intensive care."  *Id.* at 7.  Plaintiff was not moved.  *Id.*  The following morning, August 12, 2012, James entered plaintiff's cell and attacked plaintiff with a broom handle, seriously injuring plaintiff's eye.  *Id.*

## II.  Procedural History

Plaintiff initiated this case by filing his Complaint [Doc. 1] on December 12, 2012, alleging violations of his civil rights actionable under 42 U.S.C. § 1983.  Plaintiff was granted leave to proceed *in forma pauperis* on December 20, 2012, and on April 5, 2013, Magistrate Judge James E. Seibert entered an Order to Answer directing the Clerk to issue a twenty-one (21) day summons for each defendant and ordering the United States Marshal Service to serve each defendant with process within sixty days.  [Doc. 18 at 1–2]. On April 16, 2013, each summons was returned, indicating that all three defendants were served on April 11, 2013.  [Docs. 21–23].

Defendants filed their Motion to Dismiss [Doc. 37] on August 26, 2013.  Defendants argue that plaintiff's complaint should be dismissed for the following reasons: (1) Defendants Winslow and Corey have not received sufficient service of process, and thus must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5); (2) plaintiff's claims against defendant Spencer fail to state a claim; (3) plaintiff failed to exhaust

administrative remedies; (4) defendants are entitled to qualified immunity; and (5) any claim against defendant Spencer based upon *respondeat superior* must fail, as liability under 42 U.S.C. § 1983 cannot be predicated upon same.  Plaintiff filed his Response in Opposition [Doc. 42] on September 11, 2013, and defendants filed their Reply [Doc. 43] on September 23, 2013.  Plaintiff filed a Surreply [Doc. 44], styled as a Reply, on October 3, 2013; however, as plaintiff failed to seek this Court's leave to file a surreply memorandum, this Court will not consider the Surreply in making its ruling.  *See* LR Civ. P. 7.02(b)(3).

**III.**  **Legal Standard**

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court accepts all well-pled facts in the complaint as true and construes those facts in the light most favorable to the plaintiff.  ***Ashcroft v. Iqbal***, 556 U.S. 662, 678–79 (2009); ***Adcock v. Freightliner LLC***, 550 F.3d 369, 374 (4th Cir. 2008).  Legal conclusions, recitations of the elements of a cause of action, and bare assertions devoid of further factual enhancement do not constitute well-pled facts for Rule 12(b)(6) purposes.  *See **Iqbal***, 556 U.S. at 678.

Ultimately, a complaint must contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  ***Id.*** (quoting ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007)).  Facial plausibility is established where the facts alleged in the complaint "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  ***Id.***

4

IV.   **Analysis**

In his Objections [Doc. 49], plaintiff objects to two portions of Magistrate Judge Seibert's report and recommendation: (1) the finding that plaintiff failed to exhaust his administrative remedies; and (2) the finding that defendants Winslow and Corey are entitled to qualified immunity.[1]   As plaintiff did not object to Magistrate Judge Seibert's finding that plaintiff's Complaint fails to state a claim against defendant Spencer, that finding is hereby **ADOPTED** for the reasons stated more fully in the R&R.

A.   **Exhaustion of Administrative Remedies**

Plaintiff argues that he need not exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a), because the West Virginia statute that provides the relevant administrative scheme does not require him to do so.   Plaintiff is incorrect.

The Prison Litigation Reform Act of 1995 provides that an inmate may not bring suit "with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).   When the inmate bringing suit under § 1983 is a state inmate, state law provides the necessary administrative framework.

In West Virginia, the exhaustion requirement is detailed by West Virginia Code § 25-

---

[1] Plaintiff spends a significant portion of his Objections making argument regarding the sufficiency of service of process.  Magistrate Judge Seibert, however, found for plaintiff on that issue, reasoning that "it would be inappropriate to grant the defendants' Motion to Dismiss . . . on the basis of insufficient service of process in light of the fact that the plaintiff had no control over the United States Marshal Service." [Doc. 47 at 7–8].  *See also Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1287 (11th Cir. 2009) (citing cases from the Second, Fifth, Ninth, Seventh, Eighth, and D.C. Circuits in support of their holding that the failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of the plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service).

1A-2, which generally states that "[a]n inmate may not bring a civil action regarding an ordinary administrative remedy until the procedures promulgated by the agency have been exhausted." W. Va. Code § 25-1A-2(c). An "ordinary administrative remedy" is defined as "a formal administrative process by which an inmate . . . seek[s] redress . . . regarding any . . . aspect of prison life *which does not involve violence, sexual assault or sexual abuse against an inmate.*" W. Va. Code § 25-1A-2(a) (emphasis added). Where the wrongful conduct alleged in a West Virginia inmate's civil action involves violence, sexual assault, or sexual abuse, therefore, that inmate need not exhaust his administrative remedies before bringing suit under West Virginia law.

Assuming without deciding that plaintiff's suit is one involving "violence, sexual assault, or sexual abuse against an inmate" as contemplated by § 25-1A-2(a), the question becomes whether a West Virginia statute exempting certain types of inmate claims from the exhaustion requirement should further exempt plaintiff, a § 1983 claimant, from the federal obligation to exhaust. This Court holds that it should not. Confronted with precisely this scenario, the Southern District of West Virginia held in ***Short v. Greene***, 577 F. Supp. 2d 790, 792–93 (S.D. W. Va. 2008), that the inmate claimant was nevertheless required to exhaust his administrative remedies. The ***Greene*** court found that in light of the policy objective at the heart of the PLRA exhaustion requirement—reducing the number and improving the quality of prisoner suits—it was significant that Congress did not provide for an exemption to the requirement where the applicable state scheme did not mandate exhaustion. *Id.* at 793; *see also* ***Ruggiero v. Cnty. of Orange***, 467 F.3d 170, 174–75 (2d Cir. 2006) (declining to hold that a state-law definition of "correctional facility" governed the

6

question whether an inmate was required to exhaust under the PLRA). This Court finds the *Greene* court's reasoning persuasive. Consequently, plaintiff's objections on this point are **OVERRULED.**

Further, as plaintiff raised no objection to Magistrate Judge Seibert's finding that plaintiff did not exhaust his administrative remedies, that finding is hereby **ADOPTED** for the reasons stated more fully in the R&R.

### B.    Qualified Immunity

Because plaintiff failed to exhaust his administrative remedies before filing suit, as required by the PLRA, this Court need not reach the question whether defendants Winslow and Corey are immune from liability. At this time, this Court therefore **DECLINES TO ADOPT as moot** the findings of the R&R regarding qualified immunity. Plaintiff's objections as to qualified immunity are **OVERRULED as moot**.

### CONCLUSION

Upon careful review of the record, this Court hereby **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the magistrate judge's Report and Recommendation **[Doc. 47]** for the reasons stated above. The petitioner's Objections **[Doc. 49]** are **OVERRULED**. Defendant's Motion to Dismiss **[Doc. 37]** is hereby **GRANTED**, and the petitioner's Motion for Extension to Serve **[Doc. 45]** is hereby **DENIED as moot**. Additionally, for the reasons set forth in this Court's Order Granting Defendants' Motion to Set Aside Entry of Default [Doc. 25] and Defendants' Memorandum in Support [Doc. 34], plaintiff's Motion for Default Judgment **[Doc. 30]** is hereby **DENIED**.

Accordingly, this Court hereby **DISMISSES** plaintiff's Complaint **[Doc. 1] with prejudice** insofar as it fails to state a claim against defendant Spencer, and **without prejudice** insofar as it involves unexhausted claims against defendants Winslow and Covey.  This matter is **ORDERED STRICKEN** from the active docket of this Court, and the Clerk is hereby **DIRECTED** to enter judgment in favor of the defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the pro se petitioner.

**DATED:** January 7, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE

8